DEKLE, Justice
(dissenting):
In reversing the decision of the Industrial Relations Commission with directions to reinstate the order of the Judge of Industrial Claims, the majority confuses the state of the law as to the elusive concept of “merger”, a point only recently clarified in our opinion in Chaffee v. Miami Transfer Co., Inc., 288 So.2d 209 (Fla.1974), which the majority opinion cites but misapplies by extending it to the case of total permanency here, which is controlled by a different statute, § 440.15(1).
In Chaffee, we took great pains to point out that “merger” is not a term found in F.S. § 440.15 (which is, of course, the provision under which compensation benefits are paid) but is only found in F.S. § 440.49 (the disability fund statute) ; we further observed that the term “merger” had apparently been “picked up” from the testimony of physicians, as a useful descriptive phrase, but that a “merger” of injuries must be compensated only on the basis provided by the statutes.
It was pointed out in Chaffee 'that the “merger of injuries” present in that case was compensable under F.S. § 440.15(3) (u), which provides for compensation in those cases of permanent partial disability not otherwise scheduled in § 440.15(3) by providing: "In all other cases in this class of disability . . . . ” (emphasis ours) In Chaffee “merger” was discussed in the context of permanent partial disabilities under § 440.15(3), this Court concluding that (p. 215):
“If the claimant can show that the subsequent compensable injury caused pain, loss of efficiency, or other involvement of a portion of the body not within the scope of the specifically scheduled disability, thus causing the resulting disability to be substantially and materially greater than would be the case if the second injury were considered alone, compensation benefits must be payable under § 440.15(3)(u), and must be based upon either loss of earning capacity or physical functional impairment, whichever is greater.”
However, it should be noted that we specifically limited our discussion of merger in that case to instances of permanent partial disability. We stated (p. 214):
“F.S. § 440.15, F.S.A. is the only statutory basis upon which compensation for disability may be made in the instant case. Inasmuch as only permanent partial disability is involved, the provisions of subsection (3) must govern.” (emphasis added)
Sub judice, partial disability was not found to exist. Rather, the JIC found claimant to be permanently totally disabled. Permanent total disability is governed by a different statutory provision, F.S. § 440.15(1), which states in pertinent part:
“(b) Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts, (emphasis added)
It may well be that the instant claimant is indeed permanently and totally disabled under this statutory standard; i. e., the facts may show a permanent total disability of this claimant. But “merger” as discussed in Chaffee has no bearing on this, since that “merger” applies only in cases of permanent partial disability. As to total, the categories of injuries are set forth in F.S. § 440.15 and stand independently; these provisions spell out such “mergers” as the statute allows, e. g., the “merger” of the “loss of both hands,” etc. There is no provision for any other “merger” except the last item in the statute showing a factual, actual total.
*764 I would accordingly affirm the IRC’s remand of the cause to the JIC for reconsideration on the issue of whether the totality of the facts, absent any “merger” theories, justify a finding that claimant is indeed permanently and totally disabled under the standards set forth in F.S. § 440.15(1) (b).
I therefore respectfully dissent.
ROBERTS and OVERTON, JJ., concur.